**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2310-15T4


JAMMIE SKAZENSKI,

    Appellant,

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS,

    Respondent.

_____

Submitted April 25, 2017 — Decided May 5, 2017

Before Judges Reisner and Mayer.

On appeal from the New Jersey Department of Corrections.

Jammie Skazenski, appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Alex Zowin, Deputy Attorney General, on the brief).

PER CURIAM

    Appellant, Jammie Skazenski, presently an inmate at Northern State Prison, appeals from the January 19, 2016 disposition of disciplinary appeal issued by the New Jersey Department of

Corrections (DOC). The DOC upheld a disciplinary hearing officer's decision, dated December 29, 2015, finding that Skazenski committed prohibited act *.204 (use of prohibited substance). We affirm.

Based upon information from a confidential informant, the prison learned inmates, including Skazenski, were using drugs in contravention of prison rules. To maintain the safety and security of prisons, there must be assurance that drugs or illegal substances are not present. See Jackson v. Dep't of Corrections, 335 N.J. Super. 227, 233-34 (App. Div. 2000), certif. denied, 167 N.J. 630 (2001). Consequently, prisons may require urine samples from inmates. See Hamilton v. N.J. Dep't of Corrections, 366 N.J. Super. 284, 291 (App. Div. 2004). Because Skazenski was suspected of illegal drug use, he was required to provide a urine sample.

Appellant claims that on December 1, 2015, he provided an initial urine sample which tested negative. He also alleges that on December 2, 2015, the prison required a second urine sample without a reasonable factual basis. According to appellant, the prison improperly handled and improperly labeled his second urine sample.

According to the DOC's evidence, only one sample was taken - on December 2 - and that sample tested positive for drug use. A

notice of violation for commission of prohibited act *.204 was issued based upon that positive urine test.

Appellant alleged that the prison confused his December 2 urine sample with that of another inmate. He contended that the disciplinary report issued to him identified "Inmate Vazquez, Edwin" in the body of the report. Appellant further argued that the time listed on the second sample indicated he voided eight minutes prior to the time he claims that he voided.

Because of those issues, the DOC hearing officer postponed the hearing to address the discrepancies in the disciplinary report issued to plaintiff. The hearing officer accepted the prison's explanation that insertion of another inmate's name in the disciplinary report was a clerical error, resulting from the use of a "template" for issuance of the report. The corrections officer issuing the disciplinary report explained he failed to change the name in the body of the charge, which contained language taken from a charge issued to another inmate. The hearing officer found Skazenski's name and SBI number were correctly identified in the top section of the disciplinary report. Concerning the timing of the alleged second sample, the "continuity of evidence" form signed by Skazenski indicated his sample was collected at "11:33 AM" and the disciplinary report indicated the sample was collected at "1133 hours."

Upon determining there was no mislabeling or other mistake concerning the second sample, the hearing officer found Skazenski committed prohibited act *.204. The resulting sanctions included segregation, daily urine monitoring, loss of commutation credits, loss of recreation time, and loss of contact visits. Skazenski filed an administrative appeal from the hearing officer's guilty finding. In a written report dated January 19, 2016, the DOC denied the appeal and affirmed the hearing officer's findings and sanctions.

Skazenski presents two arguments on this appeal. First, he claims the purported second urine test violated N.J.A.C. 10A:3-5.10(b)(8) as no factual basis was provided to support a second sample. Second, he argues a denial of due process and a fair hearing because he lacked access to evidence related to the disciplinary hearing.

Prison disciplinary hearings are not criminal prosecutions, and "thus the full panoply of rights due a defendant in such a proceeding does not apply." Avant v. Clifford, 67 N.J. 496, 522 (1975) (quoting Morrissey v. Brewer, 408 U.S. 471, 480, 92 S. Ct. 2593, 2600, 33 L. Ed. 2d 484, 494 (1972)). Prisoners receive limited due process protections. Ibid. The protections extended to prisoners include written notice of the charges a minimum of twenty-four hours prior to the hearing, an impartial tribunal to

consider the charges, a limited right to call witnesses, assistance of counsel substitute, and a right to a written statement of evidence relied upon and the reasons for the sanctions imposed. Id. at 525-33.

The scope of appellate review of an administrative agency's final decision is limited. In re Herrmann, 192 N.J. 19, 27 (2007). Decisions by an agency will be upheld, unless the decision is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). Our review is limited to whether the agency's findings could reasonably have been reached based on substantial evidence in the record. In re Taylor, 158 N.J. 644, 656 (1999). See also Avant, supra, 67 N.J. at 530 (noting the substantial evidence standard applied to guilty findings in DOC appeals).

During the disciplinary hearing, Skazenski had the opportunity to present evidence and witnesses in support of his allegations and to cross-examine adverse witnesses. Despite having identified potential witnesses, he declined to present any witnesses in his favor. He also declined to cross-examine adverse witnesses. His evidence was limited to a written statement in support of his claims.

Appellant received the protections afforded to prisoners subjected to disciplinary proceedings, including assistance of counsel substitute, consistent with Avant, supra. His counsel substitute requested a copy of the order to void, requested leniency on behalf of Skazenski, and relied on the statement previously provided by Skazenski. Appellant offered no evidence contradicting the substantial evidence presented to the hearing officer. "Substantial evidence" is "such evidence as a reasonable mind might accept as adequate to support a conclusion." In re Hackensack Water Co., 41 N.J. Super. 408, 418 (App. Div. 1956).

As previously noted, the prison received an anonymous call that inmates in Skazenski's unit were using illegal substances. This created the factual basis for urine testing consistent with N.J.A.C. 10A:3-5.10(b). Skazenski was required to void a urine specimen on December 2, 2015. The sample was closed, sealed and labeled in his presence. The ID number on the sample he voided was the same ID number on the continuity of evidence form. According to the prison's continuity of evidence log, he only voided for sampling once on December 2, 2015. No evidence was presented to the hearing officer, other than Skazenski's own written statement, substantiating the prison's collection of two urine samples. He had an opportunity to call the prison officer

who allegedly took the first urine sample but declined to call any witnesses during the hearing.

Based on our review of the record, there was substantial credible evidence to find Skazenski guilty of prohibited act *.204. The DOC's decision comported with procedural due process. The DOC's determination of guilt and the sanctions imposed were supported by substantial credible evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                      A-2310-15T4